RECEIVED

FEB 21 2006

AT 8:30_____M
WILLIAM T. WALSH, CLERK

**NIXON PEABODY LLP**
Amy L. Ventry (AV 0691)
990 Stewart Avenue
Garden City, NY 11530
(516) 832-7500
Attorneys for Defendant
Mitsui O.S.K. Lines (America), Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN COLASURDO CONNOLLY,<br><br>Plaintiff,<br><br>v.<br><br>MITSUI O.S.K. LINES (AMERICA), INC.<br><br>Defendant. | 2:04–cv–5127<br>(JLL) (RJH) |

### PROPOSED REPORT AND RECOMMENDATION

In accordance with the Order of Magistrate Judge Hedges, issued February 14, 2006, Defendant Mitsui O.S.K. Lines (America), Inc. ("Defendant" or "Mitsui") submits the following Proposed Report and Recommendation in connection with Defendant's Motion to Dismiss the Complaint.

### BACKGROUND

On October 20, 2004, Plaintiff Jean Colasurdo Connelly filed a Complaint in the Federal District Court for the District of New Jersey. In that Complaint, Plaintiff alleges that Defendant discriminated against her based on her age and disability, along with common law claims. At the time of the filing of her complaint and thereafter, Plaintiff was employed at Mitsui's facility located at 160 Fieldcrest Avenue, Edison, New Jersey.

On or about February 16, 2005, Plaintiff attempted service of an unfiled Amended Complaint on Defendant by placing the originally-issued Summons and the Amended Complaint in the United States Mail, sending the package by Express Mail with a Return Receipt requested. The package containing the Summons and Amended Complaint was delivered to Mitsui on February 17, 2005 and was signed for by Robert Frisch, an employee of Mitsui who was in charge of the Company's mail services. This was the only effort by Plaintiff to effect service of process upon Defendant and no effort was made by Plaintiff to serve a copy of the Summons with the original Complaint. The Amended Complaint, which adds claims of gender discrimination and retaliation under Title VII, was filed on February 28, 2005. Based on the defective service, Defendant did not answer the Complaint or otherwise enter an appearance in this matter.

By Order to Show Cause dated June 30, 2005, Magistrate Judge Ronald Hedges ordered Plaintiff to show cause why the Complaint should not be dismissed for failure to prosecute. In response to this Order to Show Cause, Plaintiff asserted that effective service of process had been made and that Defendant was in default. Plaintiff further sought leave to file a motion for default judgment.

On July 21, 2005, the Court discharged the Order to Show cause and directed Plaintiff to file a motion for entry of default and for default judgment. On August 9, 2005, Plaintiff filed a motion for default judgment. On August 10, 2005, the Clerk of the Court entered default against Defendant.

In a letter dated January 5, 2006, District Judge Linares directed Plaintiff to notify Defendant of a hearing on Plaintiff's Motion for Default Judgment scheduled for February 7, 2005. Plaintiff was directed to notify Defendant within five (5) days of Judge Linares letter, or

- 2 -

by January 12, 2006. Plaintiff sent Defendant a copy of Judge Linares' letter in an envelope postmarked January 23, 2006. This letter was received by Defendant on January 25, 2006. Immediately upon receipt of a copy of Judge Linares' letter to Plaintiff's counsel, counsel for Defendant wrote to Judge Linares advising of the improper service and seeking leave to move to set aside the entry of default and to dismiss the complaint. Such leave was granted by Judge Linares on January 27, 2006.

Thereafter, on February 10, 2006, Defendant filed a motion to set aside the entry of default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, to dismiss the original and amended complaints, pursuant to Rule 12(b)(5) and Rule 4(m) for failure to effect timely service of process, and to dismiss the original and amended complaints pursuant to Rule 12(b)(2) for lack of personal jurisdiction. This Court granted the motion to set aside the default and directed counsel for Defendant to submit a report and recommendation dismissing Plaintiff's Complaint.

## DISCUSSION

It is without doubt that Plaintiff's method of service, express mail through the U.S. Postal Service, was not effective service of process under Rule 4(h)(1) of the Federal Rules of Civil Procedure. Because Plaintiff did not effect proper service of process, she did not comply with the requirements of Rule 4(m) in that she did not service Defendant within 120 days of the filing of her Complaint.

Pursuant to Rule 4(m), "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative . . . shall dismiss the action without prejudice . . . " unless Plaintiff can show good cause for the failure to timely effect proper service. Fed. R. Civ. P. 4(m). See Touray v.

Middlesex County, 139 Fed. Appx. 428, 431 (3d Cir. 2005). Even in the absence of a showing of good cause, however, the district court has discretion to grant an extension of time for Plaintiff to serve the Complaint. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

To establish good cause, a plaintiff must be able to demonstrate "good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified in these rules." MCI Telecom Corp. v. Teleconcepts, 71 F.3d 1086, 1097 (3d Cir. 1995); Petrucelli, 46 F.3d at 1312. However, disregard of the technical requirements of the federal rules or "half hearted" efforts by counsel to comply with those rules, does not constitute good cause for failure to timely effect service of process. Touray, 139 Fed. Appx. at 431; Ayers v. Jacobs & Crumpler, P.A., 99. F.3d 565, 568 (3d. Cir. 1996); Petrucelli, 46 F.3d at 1307; Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476 (3d Cir. 1993); Khorozian v. McCullough, 186 F.R.D. 325, 329 (D.N.J.), adopted by, 1999 U.S. Dist. LEXIS 5742 (D.N.J. Apr. 6, 1999).

Plaintiff has not offered any explanation as to her failure to properly effect service of the Summons and Complaint, nor has she shown any good faith efforts to comply with the service requirements of Rule 4(h)(1). Therefore, good cause for the failure to comply with these rules is not found.

Given what appears to be Plaintiff's total disregard of the procedural requirements for service of process under the federal rules, and even though dismissal of the Complaint will bar the re-filing of certain claims due to the expiration of the statute of limitations, this Court declines to exercise its discretionary authority to extend Plaintiff's time to serve her Amended Complaint. McCrae v. KLLM, Inc., 89 Fed. Appx. 361, 364 (3d Cir. 2004); Khorozian, 186 F.R.D. at 330; Millenium v. AutoData Sys., 2005 U.S. Dist. LEXIS 39524, at *5-6 (D.N.J. Jan.

23, 2006); Abdel-Latif v. Wells Fargo Guard Servs., Inc., 122 F.R.D. 169, 173-75 (D.N.J.), aff'd, 862 F.3d 206 (3d Cir. 1988).  See also Petrucelli, 46 F.3d at 1306; Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 881 (3d. Cir. 1987).

## CONCLUSION

It is, therefore, recommended that Plaintiff's original and amended complaints be dismissed without prejudice pursuant to Rules 12(h)(5), (h)(2) and 4(m).


Respectfully submitted,

**NIXON PEABODY LLP**


By: _Amy L Ventry_
　　Amy L. Ventry


ADOPTED


s/Ronald J. Hedges

RONALD J. HEDGES, U.S.M.J.