**UNITED STATES DISTRICT COURT**
District of New Jersey

<table>
<tr>
<td>

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

</td>
<td align="right">

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

</td>
</tr>
</table>

NOT FOR PUBLICATION

<u>**LETTER-OPINION AND ORDER**</u>

August 24, 2006

<table>
<tr>
<td>

Peter J. Cresci, Esq.
Cresci & Black, LLC
830 Avenue A
P.O. Box 74
Bayonne, New Jersey 07002-0074

</td>
<td>

Amy L. Ventry, Esq.
Nixon Peabody, LLP
990 Stewart Avenue
Garden City, NY 11530-4838

</td>
</tr>
</table>

  Re: <u>**Connolly v. Mitsui O.S.K. Lines (America), Inc.**</u>
     **Civil Action No.: 04-CV-5127 (JLL)**

Dear Counsel:

  This matter comes before the Court on the objections of Plaintiff Jean Colasurdo Connolly ("Connolly" or "Plaintiff") to the February 22, 2006 Report and Recommendation ("February 22 Report and Recommendation") of United States Magistrate Judge Ronald J. Hedges regarding Defendant Mitsui O.S.K. Lines' ("Mitsui" or "Defendant") motion seeking to vacate the entry of default and to dismiss the complaint. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth in this Letter Opinion, the February 22 Report and Recommendation is adopted in part and vacated in part and Defendant's motion to set aside default and to dismiss the complaint is granted in part and denied in part.

**BACKGROUND**

  Plaintiff filed her complaint on October 20, 2004 (the "October 20, 2004 Complaint"). The

1

docket in this matter reflects that Plaintiff mailed a summons dated October 21, 2004 to Defendant's office in Edison, NJ which was received by Defendant on February 17, 2005. Plaintiff states that service of such summons was accompanied by an amended complaint, a complaint which was ultimately filed with the Court on February 24, 2005 (the "Amended Complaint").[1] Plaintiff's Amended Complaint alleges that Plaintiff was discriminated against and subjected to a hostile work environment by Defendant in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(a), et seq. (the "NJLAD") and for various common law torts.

On June 30, 2005, Magistrate Judge Hedges issued an order to show cause based upon Plaintiff's failure to prosecute. On August 9, 2005, Plaintiff filed a motion for entry of default and for default judgment against Defendant for failure to answer. On August 10, 2005, the Clerk of the Court entered default against Defendant. On January 5, 2006, this Court wrote a letter to Plaintiff, informing Plaintiff of a hearing date for the motion for default judgment and directing Plaintiff to notify Defendant of said hearing. On January 25, 2006, by way of letter to the Court, Defendant requested leave to file a motion to vacate default and to dismiss for Plaintiff's failure to effectuate proper service. On January 27, 2006, this Court postponed the hearing and granted leave to Defendant to file a motion to dismiss. On February 10, 2006, Defendant filed a motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c), to dismiss the original and amended complaints for failure to effect timely service of process pursuant to Federal Rules of Civil

---

[1] It does not appear to the Court that Plaintiff ever served Defendant with a summons and copy of the first Complaint.

Procedure 12(b)(5) and 4(m), and to dismiss the original and amended complaints for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). This Court referred the motion to Magistrate Judge Hedges. On February 22, 2006, Judge Hedges issued his Report and Recommendation in which he recommended that Plaintiff's original and amended Complaints be dismissed without prejudice. Plaintiff filed objections to the February 22 Report and Recommendation. Defendant opposes Plaintiff's objections but has filed no objection of its own.

## DISCUSSION

**1.     Standard of Review**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a

3

de novo review of the parts of the report to which the parties object). Here, Plaintiff objects to Magistrate Judge Hedges' recommendation granting Defendant's motion to dismiss the original and Amended Complaint. Therefore, this Court will examine the present motion under a de novo standard of review. In conducting this review, the Court "owes no deference to the Magistrate Judge's findings and conclusions." Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 904 (3d Cir. 1992).

**2.      Sufficiency of Process**

Fed.R.Civ.P. 4(h), which governs service of process on corporations, provides in pertinent part that:

> [S]ervice upon a domestic or foreign corporation . . . from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .

Fed.R.Civ.P. 4(e)(1) provides that service upon a corporation may also be effected pursuant to the New Jersey state rules governing service of process. New Jersey Rule of Court 4:-4(6) provides that:

> Service of summons, writs and complaints shall be made as follows:
>
> (6) Upon a corporation, by serving a copy of the summons and complaint in the manner prescribed by (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties . . . .

Federal procedure also requires that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service to be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate time.

Fed.R.Civ.P. 4(m).

When the requirements of service of process are not met, a two-step analysis aids in determining whether to grant an extension for Plaintiff to effectuate proper service, or to dismiss the complaint. First, a court must determine whether good cause exists for granting an extension of time. If good cause exists, the extension must be granted; if not, then the court may use its discretion in deciding whether to dismiss the case without prejudice or to extend time for service. McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998); MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995); Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995); Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598, 604 (D.N.J. 2003).

The Third Circuit has defined "good cause" as being tantamount to "excusable neglect" under Fed.R.Civ.P. 6(b). Mettle, 279 F.Supp.2d at 604 (quoting Petrucelli, 46 F.3d at 1307); Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987). The following factors have been identified as relevant to the evaluation of whether excusable neglect has occurred:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

5

Id. (citing <u>Dominic v. Hess Oil V.I. Corp.</u>, 841 F.2d 513, 517 (3d Cir. 1988)). The Third Circuit has also held that "reliance upon a third party or on a process server is an insufficient basis to constitute good cause" and "half-hearted efforts by counsel to effect service of process ... do not necessarily excuse a delay...." <u>Petrucelli</u>, 46 F.3d at 1307 (quoting <u>Lovelace v. Acme Mkts., Inc.</u>, 820 F.2d 81, 84 (3d Cir. 1987)). A district court may not consider the impact of a statute of limitations on the plaintiff's case "until after it has conducted an examination of good cause." <u>Id.</u> at 1306.

**3.    Analysis**

Plaintiff does not object to Judge Hedges' recommendation that the October 20, 2004 Complaint be dismissed nor to Defendant's request to set aside the Clerk's entry of default. Accordingly, to the extent that the February 22 Report and Recommendation dismissed Plaintiff's October 20, 2004 Complaint without prejudice and set aside the Clerk's entry of default it is hereby adopted.

Plaintiff does object, however, to Judge Hedges' recommendation that the Amended Complaint be dismissed. Plaintiff contends that she is entitled to an extension of time to serve the Amended Complaint based upon a showing of good cause by Plaintiff and lack of prejudice resulting to Defendant. Defendant opposes such request on the basis that Plaintiff failed to effectuate service on Defendant within the proper time period and Plaintiff has failed to establish good cause or another basis to extend time to serve the Amended Complaint.

**a.    Failure to Effect Service**

The Court must first determine whether Plaintiff, in fact, properly effectuated service upon Defendant in accordance with the Federal Rules of Civil Procedure. It is undisputed that Mitsui is a corporation, for which Plaintiff worked, and continues to work, at their Edison, New Jersey

location. From the documents submitted to the Court by Plaintiff, it appears that on February 17, 2005 an employee of Plaintiff's counsel mailed Defendant a copy of the October 21, 2004 Summons and the Amended Complaint via "express mail return receipt requested." (Ex. A, Pl. Obj.). Also attached is the return receipt for such mailing, which reflects that one Robert Frisch ("Frisch") signed for the package on February 17, 2005. (Id.). The package was addressed to: "Mitsui O.S.K. Lines, Inc. 160 Fieldcrest Avenue Edison, New Jersey 08818." (Id.).

Plaintiff maintains that she "effectuated service via Express Mail Certified Return Receipt Requested upon the Defendant's Principal on February 17, 2005 wherein a live person walks into the place of business and obtains a signature." (Pl. Br. Obj. at 3). However, this "live person" was a mail carrier, not a process server. And, in order to properly effectuate service on a corporation, a plaintiff must effect service to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Service by mail upon a corporation may only occur under specific circumstances and when personal service fails. New Jersey Rules of Court 4:4-5(c)(2). Here, the signature on the return receipt is that of Frisch, an employee in Defendant's mail room who is not authorized to accept process on behalf of Mitsui. Thus, it is clear that Plaintiff failed to properly effect service of process on Defendant in accordance with Federal Rule of Civil Procedure 4(h). Accordingly, Plaintiff also failed to comply with Federal Rule of Civil Procedure 4(m) which requires a plaintiff to serve Defendant with the summons and complaint within 120 days of filing the Complaint since Plaintiff to date, has not yet properly served Defendant. To the extent that Judge Hedges determined that Plaintiff had failed to comply with the requirements of Federal Rules of Civil Procedure 4(h) and 4(m), the February 22 Report and Recommendation is adopted. Since the Court has previously determined that Plaintiff has not met the requirements for service of process, the Court must next determine whether to

dismiss the Amended Complaint or to grant an extension of time for Plaintiff to effectuate proper service of such complaint.

### b. Extension for Good Cause

A court's first determination within the context of an extension of time to serve is whether good cause exists for such an extension. If good cause exists, an extension must be granted. McCurdy, 157 F.3d at 196. As stated supra, the following factors have been identified as relevant to the evaluation of whether excusable neglect has occurred:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

Mettle, 279 F.Supp.2d at 604 (citing Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988)).

Plaintiff argues that good cause exists because "Defendant is being disingenuous, not maintaining their public records to reflect an agent of process, while doing business in the State of New Jersey." (Pl. Br. Obj. at 3). Plaintiff further argues that as a Japanese corporation, Mitsui evades service of summonses and complaints by failing to list themselves with the State of New Jersey Secretary of State. (Pl. Br. Obj. at 3). Plaintiff also asserts that good cause exists because Plaintiff's counsel made efforts to determine who was Defendant's agent for service of process. Defendant urges the Court to determine that good faith is absent based upon the fact that Plaintiff did not even attempt service until the end of the 120 day period, mailed the summons and Amended Complaint to Defendant despite working each day at the same address, and failure to request a waiver of service

in order to serve by mail. (Pl. Br. Opp'n to Obj. at 8). The Court agrees.

Plaintiff's excuses for her failure to effect service are half-hearted at best. The Court cannot fathom how Plaintiff can argue that Defendant evaded service when Plaintiff worked each day at the facility which she names in her cause of action. It is clear to the Court that Plaintiff's counsel did not comply with the service rules contained in the Federal Rules of Civil Procedure and has not provided the Court with a reasonable explanation for such failure. "The Third Circuit has held that inadvertence and 'half-hearted efforts at service which fail to meet the standard' do not constitute 'good cause.'" Mettle, 279 F.Supp.2d at 604 (quoting Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987)). Moreover, Plaintiff's attempts at service exhibited "ignorance of the rules of procedure." Dominic, 841 F.2d at 517. Accordingly, this Court determines that Plaintiff's failure to locate a proper agent of Defendant to serve with the summons and complaint, failure to effect service within the required 120 days, and failure to request an extension of time do not entitle Plaintiff to an extension of time to serve based upon a showing of good cause.

    **c.**    **Discretionary Extension**

Since this Court has previously determined that Plaintiff is not entitled to an extension of time to serve based upon a showing of good cause, the Court must next determine whether it will use its discretion to grant an extension, or dismiss the Amended Complaint without prejudice against Defendant. Fed. R. Civ. P. 4(m). Courts, in the absence of good cause, have often granted extensions of time when the plaintiff has otherwise made good faith efforts to effectuate service of process. In Mettle, a pro se plaintiff was granted an extension of time because he did in fact make some effort to serve defendant. Id. at 605. Courts have also granted extensions when plaintiffs have taken steps to cure the deficiency in service. Wright v. Xerox Corp., 882 F. Supp. 399, 410 (D.N.J. 1995). However, here, there is no evidence in the record to indicate that Plaintiff's counsel took any steps

9

whatsoever to perfect the service of process on Defendant.

Another reason in favor of granting an extension is that certain of Plaintiff's claims may be time-barred by the applicable statutes of limitations if the Amended Complaint were to be dismissed.[2] However, the Court must keep in mind that the Third Circuit has emphasized that "the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Petrucelli, 46 F.3d at 1306.

Still, consideration of the applicable statutes of limitations is not the only factor which supports granting Plaintiff an extension of time to serve Defendant with the Amended Complaint. A district court may also consider whether the Defendant alleges to have been prejudiced by the delay or whether its ability to defend on the merits has been comprised. Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997). Here, Defendant does not allege that it has been prejudiced by the delay in service or that its ability to defend on the merits has been detrimentally impacted. Accordingly, this Court will exercise its discretion pursuant to Federal Rule of Civil Procedure 4(m) and shall extend

---

[2]Under Title VII, a plaintiff has ninety (90) days from receipt of the right-to-sue letter to bring an action in court. 42 U.S.C. § 2000e-5(f)(1). The statute of limitations for an age discrimination action under the ADEA is ninety (90) days after plaintiff receives a notice that a charge filed with the EEOC was dismissed or that the EEOC otherwise terminated such a charge. 29 U.S.C. § 626(e). Claims brought under the NJLAD are subject to a two-year personal injury statute of limitations rather than a general six year statute of limitations. Montells v. Haynes, 627 A.2d 654 (1993). Lastly, since the ADA does not contain a statute of limitations provision, courts apply the most appropriate or analogous New Jersey statute of limitations. Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). Plaintiff states in the Amended Complaint that she received a right-to-sue notice on July 29, 2004. (Am. Compl. ¶ 4). However, at this juncture, the Court will not engage in further analysis of whether any or all of Plaintiff's claims set forth in the Amended Complaint are time-barred. Further discussion of the relation-back doctrine set forth in Federal Rule of Civil Procedure 15 is left for a later moment should Defendant wish to raise such an issue by way of future motion practice.

the time for service of the Amended Complaint for twenty (20) days. The February 22 Report and Recommendation is vacated to the extent that it recommended dismissing Plaintiff's Amended Complaint.

## CONCLUSION

For the reasons set forth above,

**IT IS** this 24th day of August, 2006,

**ORDERED** that the February 22 Report and Recommendation is ADOPTED to the extent that it dismisses Plaintiff's October 20, 2004 Complaint and such Complaint is hereby DISMISSED without prejudice; and it is further

**ORDERED** that the February 22 Report and Recommendation is VACATED to the extent that it dismisses Plaintiff's Amended Complaint filed February 28, 2004; and it is further

**ORDERED** that Defendant's motion to set aside default and motion to dismiss [Docket # 11] is GRANTED in part and DENIED in part; and it is further

**ORDERED** that the Clerk's entry of default against Defendant is hereby SET ASIDE; and it is further

**ORDERED** that Plaintiff has **twenty (20) days** from the date of this Opinion and Order to properly effectuate service upon Defendant in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that no further dispositive motions shall be filed without leave of the Court.

                                                 /s/ Jose L. Linares
                                               United States District Judge