NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEAN COLASURDO CONNOLLY, | : | |
| | : | |
| | : | Civil Action No.: 04-5127 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MITSUI O.S.K. LINES | : | |
| (AMERICA), INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**LINARES**, District Judge.

This matter comes before the Court on the motion of Mitsui O.S.K. Lines (America), Inc.'s ("Mitsui" or "Defendant") to dismiss in part the Amended Complaint filed by Jean Colasurdo Connolly ("Connolly" or "Plaintiff"). There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's Motion to Dismiss is granted as to Plaintiff's claims for fraud, negligent misrepresentation, breach of contract, gender discrimination under both Title VII and the NJLAD, and retaliation under Title VII and the ADEA; partially granted as to Plaintiff's claim of retaliation under the NJLAD; and denied as to Plaintiff's claim for retaliation under the ADA and Plaintiff's federal hostile work environment claims.

1

## BACKGROUND

### a.    Factual Background

Connolly, sixty-one (61) years old at the time of the Amended Complaint, suffers from rheumatoid arthritis.  (Am. Comp. ¶ 6.)  She has worked for Mitsui since approximately 1993, and her title is Coordinator of Equipment Control and Inter-Modal.  (Id. at ¶¶ 6, 8.)  At some point after joining Mitsui, Connolly notified Mitsui of her arthritis.  (Id. at ¶ 7.)  Mitsui provided Plaintiff with a chair, a mouse, and a two successive footstools to meet her needs.  (Id.)  The Amended Complaint does not state at what time Plaintiff developed her rheumatoid arthritis, or when she disclosed it to Mitsui.

In approximately 2001, Paul DeLuca ("DeLuca") became Plaintiff's supervisor at Mitsui. (Id.)  Plaintiff was also supervised by Angela DePalmer ("DePalmer") and a Ms. Testa ("Testa") during the period of time relevant to the complaint.  (Id. at ¶¶ 8, 10.)

After commencing work under DeLuca, Connolly claims that several specific events occurred, constituting the factual basis for one or more of her claims.  First, DeLuca and DePalmer reduced Plaintiff's workplace responsibilities, including informing her on February 20, 2002, that she would not be interviewing new truckers in the future.  (Id. at ¶ 8.)  Second, on June 20, 2003, DeLuca extended Connolly's daily work schedule by half an hour, explaining this action by stating that "she is old and has nothing better to do."  (Id. at ¶ 9.)  Third, Connolly was suspended for three days after being falsely accused of shouting at Testa and a coworker ("Lao") when she questioned the reassignment of her duties on December 18, 2003.  (Id. at ¶ 10.) Finally, DePalmer called Connolly at home to verify a medical reason for her absence from work on December 22, 2003, after Connolly called Mitsui and stated she would be out of work until

2

late January, 2004.  (<u>Id.</u> at ¶ 12.)

Connolly makes more general claims as to other facts.  She further alleges that DeLuca made rude, threatening, obscene, and unnecessary comments; that DeLuca engaged in inappropriate behavior regarding Connolly's age; that DeLuca and DePalmer told Connolly that they looked forward to her departure from Mitsui; that DeLuca "made it obvious" that he wished Plaintiff to leave Mitsui soon; and that Mitsui started to "negatively document" Plaintiff after she disclosed her disability.  (<u>Id.</u> at ¶¶ 7-8, 17.)  Based on these facts, Connolly's Amended Complaint claims age, gender, and disability discrimination, retaliation, negligent misrepresentation, fraud, material misrepresentation, and breach of contract.  (<u>Id.</u> at ¶¶ 4, 17, 22, 27, 29, 30.)

### b.   Procedural History

Plaintiff filed her discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on June 2, 2004, and received her right-to-sue letter on July 29, 2004. She filed her original complaint on October 20, 2004, and a summons was issued to Plaintiff the following day.  Defendant apparently received the summons on February 17, 2005, and Plaintiff states that service of such summons was accompanied by the Amended Complaint, filed with this Court on February 28, 2005.  The Amended Complaint alleges that Plaintiff was discriminated against and subjected to a hostile work environment by Defendant in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et seq.</u> (the "ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, <u>et seq.</u> (the "ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, <u>et seq.</u> ("Title VII"), the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(a), <u>et seq.</u> (the "NJLAD") and for various common law torts.

Magistrate Judge Hedges issued an order to show cause based upon Plaintiff's failure to prosecute on June 30, 2005.  On August 9, 2005, Plaintiff filed a motion for entry of default and for default judgment against Defendant for failure to answer. On August 10, 2005, the Clerk of the Court entered default against Defendant. On January 5, 2006, this Court wrote a letter to Plaintiff, informing Plaintiff of a hearing date for the motion for default judgment and directing Plaintiff to notify Defendant of said hearing. On January 25, 2006, by way of letter to the Court, Defendant requested leave to file a motion to vacate default and to dismiss for Plaintiff's failure to effectuate proper service. On January 27, 2006, this Court postponed the hearing and granted leave to Defendant to file a motion to dismiss. On February 10, 2006, Defendant filed a motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c), to dismiss the original and amended complaints for failure to effect timely service of process pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m), and to dismiss the original and amended complaints for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). This Court referred the motion to Magistrate Judge Hedges. On February 22, 2006, Judge Hedges issued his Report and Recommendation in which he recommended that Plaintiff's original and amended Complaints be dismissed without prejudice.  This Court vacated in part and adopted in part Judge Hedge's Report and Recommendation, and Defendant's motion to dismiss was granted in part and denied in part on August 24, 2006.

## DISCUSSION

Defendant filed the motion currently before the Court on May 30, 2007.  In order to accommodate Plaintiff's counsel, the parties agreed to extend the return date of the motion until July 9, 2007, placing the date that a response in opposition was due from Plaintiff on June 25,

4

2007.  L. Civ. R. 7.1(d)(2); Docket #38.  Plaintiff untimely filed its response on June 29, 2007.

Defendant's reply brief was due on July 6, 2007, and Defendant timely filed its brief on that day.

L. Civ. R. 7.1(d)(3).  Notwithstanding Plaintiff's untimely filing of its opposition brief to

Defendant's motion, this Court has exercised its discretion and has nevertheless considered it.

Defendant, of course, still bears the burden of establishing that the challenged portions of

Plaintiff's Amended Complaint warrant dismissal.

**A.**        **Standard Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.[1]

Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable

inferences in favor of the non-moving party.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp.

v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  In doing so, a court may look only to

the facts alleged in the complaint and any accompanying attachments, and may not look at the

record.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

However, courts are not required to credit bald assertions or legal conclusions improperly alleged

in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir.

1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit

from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551,

---

[1]Contrary to the novel assertion in Plaintiff's opposition brief, it is proper to file a Federal
Rule of Civil Procedure 12(b)(6) motion prior to the end of discovery in a civil case.  The timing
for Rule 12 motions is not predicated on any discovery issues or rules.  Fed. R. Civ. P. 12(a).
Rule 12(b) specifically states that a motion to dismiss for failure to state a claim "shall be
asserted in the responsive pleading," unless a motion under Rule 12(b) is made; then, such a
motion "shall be made before pleading if a further pleading is permitted."  Fed. R. Civ. P. 12(b).
Here, Defendant filed its motion prior to its answer, as contemplated by Rule 12.

565 (D.N.J. 2001).  The question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236.

**B.**        **Standard Pursuant to Federal Rule of Civil Procedure 8(a)(2)**

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, 68-69 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp., 127 S.Ct. at 1965).

**C.**        **Standard Pursuant to Federal Rule of Civil Procedure 9(b)**

The federal rules require that when a complaint asserts fraud or mistake the complaint must state the underlying circumstances with particularity.  Fed. R. Civ. P. 9(b).  This rule requires a plaintiff to plead facts supporting the elements of fraud.  In re Suprema Specialties, Inc. Sec. Lit., 438 F.3d 256, 270 (3d Cir. 2006); Christidis v. First Pa. Mortgage Trust, 717 F.2d 96, 99-100 (3d Cir. 1983).  In order to successfully plead fraud under Rule 9(b), a plaintiff must offer "some precision and some measure of substantiation." Gutman v. Howard Sav. Bank, 784 F. Supp. 254, 257 (D.N.J. 1990).  Allegations of date, place, or time serve as examples of facts that satisfy Rule 9(b). Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).

Applying the requirement of particularity in the pleadings prior to discovery, however, requires care in order to preserve the balance of the rules as a whole and to prevent defrauders from effectively avoiding federal discovery.  Christidis, 717 F.2d at 99-100.  Rule 9(b) does not serve as a means of testing the factual allegations of a claim.  Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 n.2 (3d Cir. 2003).

**D.**          **Exhaustion of Administrative Remedies**

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."  Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).   Generally, in employment discrimination claims, a plaintiff must first file a charge with the EEOC containing any allegations and complete the administrative process prior to filing suit.  See, e.g., Atkinson v. LaFayette Coll., 460 F.3d 447, 453 (3d Cir. 2006); Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).  "The relevant test in determining whether appellant was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  Waiters, 729 F.2d at 237.

In this Circuit, failure to exhaust administrative remedies in a Title VII employment discrimination claim is an affirmative defense, however, it does not serve as a jurisdictional bar to a plaintiff's suit.  Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (discussing Title VII jurisprudence in interpreting Rehabilitation Act); Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).  The burden is on the defendant to plead and prove exhaustion under Title VII.  Williams, 130 F.3d at 573.  The exhaustion requirements of the ADA and the ADEA have also been construed so as to function as an affirmative defenses.  Wilson, 475 F.3d at 175 (ADA);

Buck v. Hampton Twp. School Dist., 452 F.3d 256, 262 (3d Cir. 2006) (ADA); Ray v. Kertes, 285 F.3d 287, 292 (3d Cir. 2002) (ADEA).

Defendant claims that two of Plaintiff's claims must be dismissed due to the fact that Plaintiff failed to exhaust her claims administratively before the Equal Opportunity Employment Commission (the "EEOC") prior to filing suit. The claims sought to be dismissed are the federal claims of retaliation claim and hostile work environment. (Def. Br. at 1, 2).

For that portion of its motion, defendant seeks to rely on a copy of the original EEOC charge filed by Plaintiff.[2] (Def. Ex. A.) This Court, on a 12(b)(6) motion to dismiss, generally cannot examine such a document. The Court at this stage should only generally consider the contents of a complaint and any attachments thereto. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). A limited exception to this rule, however, does exist for documents that are expressly relied upon in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). In this case, however, Plaintiff elected not to attach the EEOC charge to its complaint. However, the EEOC charge was in fact referred to by date and number in the Amended Complaint, thus this Court finds that it falls within the exception and may thus be examined on Defendant's motion. This examination reveals that on the charge form, Plaintiff checked off boxes for sex, age, and disability discrimination. (Def. Ex. A.)

---

[2]Defendant also makes the allegation that Plaintiff neither amended the charge or supplemented the charge with further filings. (Def. Br. at 11.) While this Court notes that Plaintiff does not state in her Amended Complaint that she did supplement her charge in any way, such a factual assertion by the Defendant is not properly before the Court under a motion to dismiss. Facts stated in the complaint must be examined in the light most favorable to the plaintiff under Rule 12(b)(6). Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). To expand the inquiry to include additional facts not expressly relied upon in the Amended Complaint would require converting this motion into one for summary judgment under Rules 12(b) and 56. This Court, in its discretion, declines to do so.

Inasmuch as administrative exhaustion is an affirmative defense, the defendant bears the burden of pleading it and proving it. Williams, 130 F.3d at 573. In the case at bar, where an answer to the Amended Complaint has not yet been filed, and the issue of failure to exhaust comes up in the context of a motion to dismiss for failure to state a claim, the record is not sufficiently developed to enable this Court to properly dismiss Plaintiff's claims based upon a failure to administratively exhaust her claims. Victaulic Co. v. Tieman, 499 F.3d 227, 234 n.4 (3d Cir. 2007). Additionally, the Third Circuit has recently cautioned against deciding a motion to dismiss based on affirmative defenses: "Generally speaking, we will not rely on an affirmative defense . . . to trigger dismissal of a complaint under Rule 12(b)(6)." Victaulic Co., 499 F.3d at 234. Only where an affirmative defense appears unanswered on the face of the complaint is it an appropriate ground for a motion to dismiss. Id. Exhaustion is not an affirmative defense that appears clearly unanswered on the face of Connolly's amended complaint. The nature and extent of the administrative inquiry performed by the EEOC is properly a part of the exhaustion inquiry. At this juncture, this Court only has Connolly's charge and on such a scant record, it would be premature to dismiss Connolly's federal retaliation claim and her federal hostile work environment claims at this time. Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).

**E.        Retaliation**

Defendant claims that Plaintiff's federal and state retaliation claims are barred because she failed to meet the notice pleading standards of Rule 8(a)(2). (Def. Br. at 5.) In order to successfully bring a claim for retaliation under federal discrimination law,

> a plaintiff must show that he/she is engaged in protected activity,
> that the employer took an adverse employment action against
> him/her, and that there is a causal connection between the

9

protected activity and the adverse employment action.

Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 323 (3d Cir. 2000) (gender and race discrimination); Williams v. Philadelphia Housing Auth., 380 F.3d 751, 758-59 (3d Cir. 2004) (ADA); Curay-Cramer v. Ursuline Acad., 450 F.3d 130, 135 n.2 (3d Cir. 2006) (applying same standards in ADEA and Title VII retaliation); Caver v. City of Trenton, 420 F.3d 243, 255 n.9 (3d Cir. 2005) (remarking that same standard applied in NJLAD claims as under Title VII). "Protected activity" can consist of informal complaints to management concerning discriminatory activity, participation in antidiscrimination proceedings, opposition to discriminatory practices, or a request for accommodation under the ADA.  Andreoli v. Gates, 482 F.3d 641, 650 (3d Cir. 2007); Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006); Williams, 380 F.3d at 758-59.  At the motion to dismiss stage, a plaintiff need not establish a prima facie case, but the complaint must otherwise comply with the requirements of Rule 8(a) in providing fair notice to the defendant of the allegedly illegal conduct.  "This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002).

In support of her retaliation claim, Connolly alleges that she was retaliated against by Mitsui for "making protected communications to management and outside agencies."  (Am. Comp. ¶ 13.)  She also states that Mitsui only began to "negatively document the plaintiff once they discovered her disability, and she complained internally of her treatment."  (Id. at ¶ 17.)  In specifically pleading retaliation, Connolly claims that she opposed "practices or acts outlawed by ADEA, ADA, Title VII, and NJLAD" and suffered reprisals and a hostile work environment in

return from managers and coworkers.  (Id. at ¶ 29.)  Connolly reasserts these pleadings as

sufficient in her Opposition Brief.  (Pl. Opp. Br. at 4, 12.)  Mitsui, in its motion to dismiss,

claims that Connolly stated only legal conclusions in her complaint, and identified no activity

that constituted retaliation.  (Def. Br. at 11-12.)

 Reviewing Plaintiff's Amended Complaint, the Court notes that Paragraph 29 of the

Amended Complaint is, as contended by Mitsui, a legal conclusion phrased as an allegation.

After defining retaliation, Connolly pleads: "Plaintiff took such action and was retaliated and

reprised against for taking such action . . ."  (Am. Comp. ¶ 29.)  While the paragraph could, read

in the most favorable light, have made it clear that Connolly was bringing as broad a claim

against Mitsui as possible, it does not serve to state a claim of retaliation under Rule 8.

However, Paragraphs 7, 13, and 17, when read in light of each other, allege retaliation

sufficiently to permit a claim to be stated under the ADA for retaliation following a request for

accommodation.  Williams, 380 F.3d at 758-59.  Connolly claims that following a request for

ergonomic aids to accommodate her arthritis, managers at Mitsui began to take action against

her.  (Am. Comp. ¶¶ 7, 13.)  She also avers that the retaliatory actions taken by Mitsui occurred

after she requested her accommodation.  (Id. at ¶ 17.)  The Amended Complaint lacks details

concerning the timing of her request for accommodation and the beginning of the workplace

actions she alleges: it appears that Connolly's supervisors came into conflict with her in 2002,

and that her request for accommodation came at an unspecified time prior to that date.  (Id. at ¶

7.)  While the Amended Complaint does not provide sufficient detail to determine that the timing

alone gives rise to a suspicion of retaliation, viewed in the light most favorable to Connolly, it

allows such an inference to be possible.  Connolly's claim for retaliation under the ADA,

therefore, may go forward.  Similarly, Connolly's claim under the NJLAD may go forward to the extent it alleges retaliation due to a request for disability accommodation.  See Lawrence v. National Westminster Bank New Jersey, 98 F.3d 61, 70 (3d Cir. 1996) (applying same standard under the NJLAD as under the ADA).

Connolly's complaint does not, however, state a claim for retaliation on any other grounds.  In her Opposition Brief, Connolly argues that a complaint need only "provide a defendant with fair notice of a claim and the grounds upon which it rests," and that the pleadings in the Amended Complaint are sufficiently similar to the forms shown in the Appendix to the Federal Rules of Civil Procedure to serve as proper notice pleadings.  Fed. R. Civ. P. Forms 3-18; Pl. Opp. Br. at 10.  Connolly correctly states the standard for notice pleading, and her complaint does serve to give notice to Mitsui on what conduct must be defended concerning retaliation for requesting a disability accommodation.  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, 68-69 (2007).  Unfortunately, the Amended Complaint does not sufficiently allege retaliation concerning gender or age discrimination under Title VII, the ADEA, and corresponding provisions of the NJLAD.  Bell Atl. Corp., 127 S.Ct. at 1968-69.  While the charge and the complaint do allege continuing discrimination, Connolly pleads nothing in the Amended Complaint to support the continuing retaliation claim.  Some factual predicate is required to support even notice pleadings.  In re Tower Air, Inc., 416 F.3d 229, 237-38 (3d Cir. 2005).

Furthermore, while it is true that the Forms in the Appendix to the Federal Rules are very brief in their pleadings, they do provide the essential factual underpinnings of the issues.  Form 9, for example, recites the following facts underlying a cause of action for negligence: "On June 1,

12

1936, in a public highway, called Boylston Street in Boston, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway . . . [a]s a result, plaintiff was thrown down and had his leg broken." Fed. R. Civ. P. Form 9. Connolly's pleading with regard to non-disability-related retaliation relies mainly upon the statement from Paragraph 29 of the Amended Complaint: "Plaintiff took such action and was retaliated and reprised against for taking such action . . ." This Court notes that an action for negligence could possibly be maintained under Federal Rule of Civil Procedure Rule 8(a)(2) under fewer facts than are contained in Form 9, but even so, Connolly's claims of non-disability retaliation must be based on some discernable factual predicate. In re Tower Air, Inc., 416 F.3d at 237 (demonstrating the facts required in notice pleading via Form 9). Although a plaintiff will not generally suffer dismissal for lack of detailed facts in a complaint, some facts are required under notice pleading, and Connolly's Amended Complaint does not appear to provide them for non-disability-related retaliation. Id. at 237-38. This Court therefore grants Mitsui's motion to dismiss all of Connolly's claims for retaliation that do not involve retaliation following a request for disability accommodation.

**F.          Gender Discrimination**

Defendant claims that Plaintiff's claim of gender discrimination, under both federal and state law, fails to meet the pleading requirements of Rule 8(a)(2). Plaintiff's complaint, in making out a discrimination claim under Title VII and the NJLAD, mentions the word "gender" several times, but predicates the gender discrimination claim upon DeLuca's extension of her work schedule with the words, "she is old and has nothing else to do." (Am. Comp. ¶ 19.)

While this Court could, by extreme inference and conjecture, find that DeLuca's remark

was a fact supporting Plaintiff's claim of gender discrimination, it declines to do so.  Notice

pleading is not so lenient as to force a court to perform the task of the plaintiff.  Cf. Simon v. E.

Ky. Welfare Rights Org., 426 U.S. 26, 43-45 (1976) (refusing to infer allegations into complaint

to satisfy standing).  Any attempt by this court to read gender discrimination into a statement

plainly referring to the age of the plaintiff, in the absence of any other support for the claim of

gender discrimination, would be improper.  The mere use of a feminine pronoun by DeLuca, in a

comment apparently directed at Plaintiff's age, is insufficient to plead gender discrimination

beyond speculation.  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, 68-69 (2007).  Even

considering this single statement from DeLuca in conjunction with the five paragraphs in the

Amended Complaint mentioning the word "gender," the complaint fails to afford Plaintiff a

gender discrimination claim that can justify the effort of discovery under Rule 8(a).  Bell Atl.

Corp., 127 S.Ct. at 1968-69; Am. Comp. ¶¶ 4, 13, 19, 27, 30.  This Court, therefore, grants

Mitsui's motion to dismiss Connolly's federal and state claims for gender discrimination.

**G.        Fraud**

        Defendant also claims that Plaintiff has failed to plead a fraud claim under both Rule

8(a)(2) and Rule 9(b).  In the jurisdictional statement of her Amended Complaint, Connolly

mentions that part of her claim is based on allegations of fraud against Mitsui.  (Am. Comp. ¶ 4.)

She also mentions fraud after recounting the salient facts of her case.  (Id. at ¶ 13.)  In the only

specific discussion of her common law claims, Connolly states that "[m]anagement made false

representations concerning the plaintiff's work, work environment, terms and conditions of

employment."  (Id. at ¶ 30.)  This Court concludes that Connolly's claim for fraud does not

satisfy the pleading requirements of Rule 9(b), and therefore a discussion of whether the

Amended Complaint is adequate under Rule 8(a)(2) is not necessary.

A complaint must plead fraud with particularity under Federal Rule of Civil Procedure 9(b): "[p]laintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004). A claim for fraud in New Jersey requires "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997).

Connolly fails to plead fraud with the requisite particularity in her Amended Complaint. She never asserts which of the various events described in her complaint constitute fraud. Furthermore, none of the four events she describes with any specificity—the change in her work responsibility of interviewing truckers, the change in her work schedule, the confrontation with Testa and Lao, or the call concerning her medical excuse for absence—satisfy the particularity requirement. (Am. Comp. ¶¶ 8-10, 12.) While Connolly does identify dates for the actions taken, none of the events described allege, even generally, that a material misrepresentation occurred, that Connolly relied on a misrepresentation, or that Mitsui intended that Connolly rely on a misrepresentation. As Connolly's Amended Complaint contains insufficient specificity regarding those elements of fraud, Connolly's claim for fraud must be dismissed.

## H.        Negligent Misrepresentation

Defendant further contends that Plaintiff has failed to plead a claim for negligent misrepresentation under Rule 8(a)(2), and also that Plaintiff's claim for negligent

15

misrepresentation is barred by New Jersey's Workers' Compensation Act.  Connolly mentions the tort of negligent misrepresentation several times in her Amended Complaint, but specifically pleads it in this way: "Negligent Misrepresentation: defendant negligently provided false information to the plaintiff; plaintiff reasonably received the information for her proper business purpose, plaintiff justifiably relied on such representations of the defendant's managers, such reliance is the proximate cause of plaintiff's injuries."  (Am. Comp. ¶ 30.)

Assuming arguendo that Connolly correctly alleges the elements of negligent misrepresentation under New Jersey law with this pleading, her complaint does not supply any additional facts to support several of these elements.  Notice pleading under Rule 8(a)(2) is lenient compared to fact pleading, but bare legal conclusions are insufficient to carry the low burden the plaintiff bears on a motion to dismiss.  In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  An examination of the Amended Complaint in the light most favorable to Connolly does not yield any facts that support the conclusory allegations that Mitsui provided Connolly with false information that she relied on.  Connolly's pleading fails to satisfy Rule 8(a)(2)'s requirements because it lacks the ability to provide Mitsui with notice of the conduct comprising the alleged negligent misrepresentation.  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, 68-69 (2007).  Mitsui's motion to dismiss is, therefore, granted as to Connolly's claim for negligent misrepresentation.[3]

---

[3]As the Court finds that Connolly's claim for negligent misrepresentation fails under Federal Rule of Civil Procedure 8(a)(2), it does not reach the issue of whether Connolly's claim should be dismissed by virtue of New Jersey's Workers' Compensation Act.

I.              **Material Misrepresentation**

Connolly also mentions having a cause of action for "material misrepresentation."  (Am. Comp. ¶ 4.)  New Jersey law is replete with references to material misrepresentation as an element of fraud, an element of equitable estoppel, a statutory predicate for recovery, or a potential ground for contractual rescission.  See, e.g., First American Title Ins. Co. v Lawson, 827 A.2d 230, 237 (N.J. 2003) (discussing material misrepresentation in contract rescission); Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997) (common law fraud); Artistic Lawn & Landscape, Co., In. v. Smith, 884 A.2d 828, 832 (N.J. Super. Ct. App. Div. 2005) (New Jersey Consumer Fraud Act); Eileen T. Quigley, Inc. v. Miller Family Farms, Inc., 629 A.2d 110, 117  (N.J. Super. Ct. App. Div. 1993) (equitable estoppel).  No case brought forward by either party, however, purports to establish a common law cause of action under New Jersey law for material misrepresentation itself.

This Court is aware of one New Jersey case in which material misrepresentation may be treated as a separate tort.  Commercial Ins. Co. of Newark v. Steiger, 928 A.2d 126, 131 (N.J. Super. Ct. App. Div. 2007) (dismissing possible tort claim of material misrepresentation for absence of legal duty).  In that case, an insurance company alleged "material misrepresentation" against a witness at a prior trial for his testimony therein.  Commercial Ins. Co. of Newark, 928 A.2d at 128.  The court upheld the dismissal of two claims against the testifying witness: one under N.J. Stat. Ann. § 17:33A-4, and one under a "tort."  Id. at 131-32.  One or both may have been the claim for "material misrepresentation," as the court does not specify how material misrepresentation was pled in the case.  Id. at 128.  While the analysis in Commercial Insurance Co. of Newark is open to the interpretation that the tort cause of action dismissed was the

17

"material misrepresentation" alleged by the insurance company, the court in that case never finds

that such a cause of action exists or states any elements of "material misrepresentation."  Id. at

128, 131-32.  In fact, the discussion of the lack of a legal duty is alternative to an analysis of the

dismissal for witness immunity, and therefore the outcome of the case does not rest upon the

possible finding that material misrepresentation is a separate tort.  Id. at 131-32.

At least one prior New Jersey case, however, argues persuasively that fraud and

misrepresentation are the same cause of action in New Jersey:

> Although plaintiff asserts claims for both "fraud" and
> "misrepresentation," we perceive no difference between these torts,
> at least under the circumstances of this case.  Indeed, the second
> *Restatement of Torts* considers them to be a single tort, called
> "fraudulent misrepresentation."

Coastal Group, Inc. v. Dryvit Systems, Inc., 643 A.2d 649, 651 n.2 (N.J. Super. Ct. App. Div.

1994) (citing Restatement (Second) of Torts § 525 (1977)).   This Court agrees with the decision

in Coastal Group, Inc. that misrepresentation is most likely the same cause of action as fraud,

absent circumstances that would compel a different finding.  Here, Connolly's Amended

Complaint does not provide those circumstances.  Plaintiff's pleadings of "material

misrepresentation" occur in conjunction with her pleadings of fraud, and this Court interprets

Connolly as pleading either a cause of action for fraud or for negligent misrepresentation, but

does not entertain "material misrepresentation" as a separate tort theory of recovery under the

common law of New Jersey.  (Am. Comp. ¶ 4; Pl. Opp. Br. at 14.)

**J.**            **Breach of Contract**

Defendant claims that Plaintiff has failed to plead a breach of contract claim under Rule

8(a)(2).  As Defendant correctly contends simply using the phrase "and breach of contract

allegations" in a complaint does not provide sufficient basis for a claim of contractual breach, whether express or implied.  (Am. Comp. ¶ 4, 13.)

In order to successfully plead breach of contract the plaintiff at a minimum must provide the defendant with some kind of notice of what conduct underlies the cause of action.  See, inter alia, Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  Connolly fails to do that in her complaint.  Connolly need not provide a contract or its terms with her complaint, but she must do more than use the words "breach" and "contract" in the same sentence to establish a breach of contract claim.  See Oswell v. Morgan Stanley Dean Witter, Inc., No. 06-5814, 2007 WL 1756027 at *5 (D.N.J. June 18, 2007) (noting, where breach of contract was successfully pled, that while detailed facts are not necessary, more than conclusory pleadings are required).  She fails to allege or submit any contractual terms in her Amended Complaint; she demonstrates in no allegation that a contract of any type existed between Mitsui and herself; and nothing exists in the complaint to provide an inference that a contract exists.  Once again, this court reiterates that it cannot invent substance in a complaint or make inferences beyond those required by Rule 8.  Here, this Court declines to infer, from two paragraphs tacking contractual breach onto lists of allegations against Mitsui, that plaintiff has done anything more than speculated that a breach of contract claim may exist.  Therefore, to the extent that Connolly pleads a breach of contract, such a claim is dismissed.

## K.        Leave to Amend and Motion for a More Definite Statement

Plaintiff requests in her response brief that she be given leave to amend her complaint or file a more definite statement in the event this Court dismisses her common law claims.  (Pl. Opp. Br. at 14-15.)  Defendant counters that Plaintiff is not entitled to move for a more definite

statement to her own Amended Complaint, and that any leave to further amend the complaint would cause undue prejudice.  (Def. Reply Br. at 13.)  Since this Court finds that Connolly should be granted leave to amend her complaint, it does not rule on Plaintiff's motion for a more definite statement.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit amendment.  Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3rd Cir. 2002).  However, "[d]ismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile." Hilton v. Whitman, 2006 WL 1307900, *2 (D.N.J. May 10, 2006).  As Connolly's claims have only failed due to insufficiency of the pleadings, the Court cannot say that any of the claims dismissed cannot be remedied by amendment to the complaint.  Furthermore, although some dilatoriness on the part of Connolly has been noted by the court supra, this Court has not discerned any bad faith or inequitable conduct on the part of Connolly warranting dismissal with prejudice.  Grayson, 293 F.3d at 108.  This Court, therefore, considers all claims disposed of in the current motion as dismissed without prejudice, and grants Plaintiff thirty (30) days' leave to amend her complaint to correct any deficiencies.  Failure to amend her complaint within the time allotted by the Court will result in dismissal with prejudice for Plaintiff's aforementioned claims.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Plaintiff's claims for fraud, negligent misrepresentation, breach of contract, gender discrimination under both Title VII and the NJLAD, and retaliation under Title VII and the ADEA; partially granted as to Plaintiff's claim of retaliation under the NJLAD; and denied as to Plaintiff's claim for

retaliation under the ADA and Plaintiff's federal hostile work environment claims.  An

appropriate order accompanies this opinion.


DATED: November 21, 2007                                /s/ Jose L. Linares    
                                                     United States District Judge