NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEAN COLASURDO CONNOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 04-5127 (JLL) |
| | ) | |
| MITSUI O.S.K. LINES (AMERICA) INC., | ) | **OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the Plaintiff: Peter J. Cresci, Esq. (*Cresci & Black LLC*)

For the Defendant: Ana P. Ventry, Esq. (*Nixon Peabody LLP*)

**LINARES, District Judge.**

This matter comes before the Court on the motion for reconsideration [CM/ECF #85] filed by Defendant Mitsui O.S.K. Lines (America) Inc. ("Mitsui" or "Defendant") on October 6, 2009. No oral argument was heard. Fed. R. Civ. P. 78.

To briefly summarize the facts of this case, Plaintiff Jean Colasurdo Connolly ("Plaintiff" or "Connolly") was an employee of Mitsui for approximately 11 years. While at Mitsui, she eventually came under the supervision of a manager named Paul DeLuca ("DeLuca"). There were many incidents of friction between the two, but the issues in this matter have been pared down to a change in Connolly's schedule implements by DeLuca, which caused her workday to shift by half an hour and an alleged comment made by DeLuca concerning Connolly's age in conjucntion with the change in schedule. This Court granted partial summary judgment to

Mitsui, but allowed certain New Jersey state law claims to survive summary judgment; the instant motion for reconsideration by Mitsui seeks a complete grant of summary judgment against Connolly.  Mitsui asserts that reconsideration should be granted on this Court's Opinion of September 21, 2009, because the Plaintiff's remaining claims under the New Jersey Law Against Discrimination ("NJLAD") are time-barred, and the change in Plaintiff's hours did not constitute an adverse employment action.

## I.     Legal Standard

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment.  Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order.  L.Civ.R. 7.1(i).[1]  Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly."  See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration:  (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See,

---

[1] This rule was previously Local Civil Rule 7.1(g).

e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004);

Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

## II.    Discussion

This Court first notes that Mitsui's motion was not timely filed.  The motion for

reconsideration was filed on October 6, 2009, eleven days after the filing of this Court's Opinion.

Motions for reconsideration must be filed within ten days of the Opinion to be reconsidered.  L.

Civ. R. 7.1(i).  Despite the defect in this motion's timeliness, however, this Court chooses to

exercise its discretion in applying the rules and will address its merits.

### A.    Statute of Limitations

This Court finds that the arguments concerning the 2-year statute of limitations on

NJLAD claims advanced by Mitsui is not one that Mitsui raised in its summary judgment

motion.  Mitsui did previously assert that Plaintiff's federal claims were time-barred, and this

Court so found.  (Op. of Sept. 21, 2009 at 12, 15.)  Mitsui did not, however, raise the issue of the

NJLAD statute of limitations in its summary judgment motion, although such an argument would

have been appropriate at that time.  See Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008)

(statute of limitations can be waived in not raised at appropriate time).  But see Eddy v. Virgin

Islands Water and Power Auth., 256 F.3d 204, 210 (3d Cir. 2001) (holding that affirmative

defenses may be raised belatedly if court determines that defendant used reasonable diligence and

the plaintiff will not suffer prejudice).  This Court finds, therefore, that Mitsui's statute of

limitations arguments on the NJLAD claims are beyond the scope of the instant motion for

reconsideration.  P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352.

Mitsui's argument concerning this Court's failure to dismiss the hostile work

environment claim is essentially the same as the NJLAD statute of limitations argument, framed as a failure of this Court to examine the factual record correctly.  Despite the similarity in the argument to that disposed of <u>supra</u>, this Court finds that it is appropriate to reexamine the summary judgment record in order to determine whether or not the undisputed evidence presented is as Mitsui maintains— that there is no dispute that the change in Connolly's hours and the statement by DeLuca occurred in 2002, and that Connolly's NJLAD claims are thereby time-barred.  This Court finds the record to show that the date of Connolly's schedule change is a disputed material fact, and that the statute of limitations does not operate to bar her claims on summary judgment.

In Connolly's deposition testimony, she claims that the change in her schedule was contemporaneous with DeLuca's statement that she was old and had nothing better to do at night.  (Ventry Dec., Ex. A at 65:6 to 66:22.)  In her deposition testimony, Connolly was unable to remember the date of the change in her schedule, but she does maintain that the change and DeLuca's statement about her age were contemporaneous.  (<u>Id.</u>)  Her deposition testimony indicates that the statement could have occurred in 2001, 2002, or 2003.  (<u>Id.</u>)  In response to Mitsui's motion for summary judgment, Connolly provided an affidavit in addition to her deposition testimony.  (Pl. Opp. Ex. O.)  In that affidavit, Connolly asserts that her schedule was changed in June 2003.  (<u>Id.</u> ¶¶ 22, 27.)  This Court finds that although Connolly appears to have better remembered the date of her schedule change after her deposition, this change in position is not sufficiently contradictory to require the application of the sham affidavit doctrine.  <u>See</u> <u>Baer v. Chase</u>, 392 F.3d 609, 623-24 (3d Cir. 2004) (holding that affidavits contradictory to deposition testimony may be ignored at summary judgment depending on circumstances).

Taking the facts in the light most favorable to Connolly, it is not certain from the record when Connolly's hours were changed, but they could have been changed as late as June 2003, within the two year statute of limitations for NJLAD claims.  Roa v. Roa, 985 A.2d 1225, 1231 (N.J. 2010).  The finder of fact at trial will have to make a credibility determination as to whose testimony they believe.  This Court, therefore, finds that reconsideration shall not be granted to with respect to the NJLAD statute of limitations.

### B.    Adverse Employment Action

Mitsui argues strenuously that the half-hour shift in Connolly's working hours, requiring her to commute during rush hour after the change was made, cannot suffice as an adverse employment action.  In Mondzelewski v. Pathmark Stores, Inc., 162 F.3d 778, 787-88 (3d Cir. 1998), the Third Circuit Court of Appeals held that an assignment to a "punishment shift[]" that decreased an employee's free time on the job and required occasional weekend work constituted an adverse employment action.  The Court of Appeals found that "relatively mild" changes to the terms and conditions of an employee's employment could suffice as an adverse action, including changing a person's hours to line up with typical daytime working hours.  162 F.3d at 788-89.

Here, Connolly's working hours were altered, changing a favorable commuting arrangement to one that was less favorable.  Although this Court would certainly characterize such a change as "relatively mild," Mondzelewski emphasizes that the inquiry is one of whether or not a trial is warranted: it required the plaintiff only to "produce[] evidence that raises a genuine issue as to whether [the employer] altered his terms, conditions or privileges of employment." Id. at 788.  This Court finds that the change in Connolly's work hours, when seen in conjunction with her supervisor's statement about her age, could be seen by a reasonable jury

as a punishment shift change under Mondzelewski.

The additional caselaw presented by Mitsui is distinguishable for several reasons.  First, none of the cases are new law, nor do any constitute binding precedent unexamined by this Court on the prior motion.  As they fall into neither category, this Court finds that they demonstrate no clear error of law.  Carmichael, No. 03-4787, 2004 WL 1587894, at *1.  Second, they are distinguishable.  DiCampli v. Korman Cmtys, 257 F. App'x 497, 501 (3d Cir. 2007) (unreported), examines a retaliation claim under the FMLA where an employee was reassigned to a different position in a different location; Connolly, like the plaintiff in Mondzelewski, did not have her position changed, and thus DiCampli is factually distinguishable on that basis.  Similarly, in Grande v. State Farm Mutual Automobile Ins. Co., 83 F. Supp 2d 559, 563-54 (E.D. Pa. 2000), a change in working hours accompanied with a transfer of position was found to be an insufficient impact on the terms and conditions of employment to constitute an adverse employment action under Pennsylvania law.  The remainder of the additional cases cited by Mitsui are also transfer cases.  See Sanchez v. Denver Public Schools, 164 F.3d 527, 532 (10th Cir. 1998) (transfer increased commuting time); Robinson v. BT Financial Corp., No. 01-574, 2003 WL 288402, *4-5 (W.D. Pa. Feb. 11, 2003) (lateral transfer not an adverse employment action).

The transfer cases differ from Connolly's in that she was singled out by DeLuca to have her schedule changed in a negative manner without being demoted or transferred to another location.  In Connolly's case, as in Mondzelewski, her job remained the same while her hours were changed to a less desirable schedule.  While the action against her might be "relatively mild," to use the language of Mondzelewski, this Court cannot say that under the circumstances

-6-

presented here that a reasonable jury could not find that the facts support an adverse employment

action as part of Connolly's <u>prima</u> <u>facie</u> case under the NJLAD, and reconsideration is therefore

denied on that basis.

## CONCLUSION

For the reasons set forth above, this Court finds that Defendant's motion for

reconsideration is denied.  An appropriate order accompanies this Opinion.


DATED: March 1, 2009                              __/s/ Jose L. Linares_____
                                                   United States District Judge